**In re Joseph G. HANNAN, a/k/a Joe Hannan, Debtor.**

**Joseph G. HANNAN, Plaintiff,**

v.

**Kenneth KIRSCHENBAUM, as Trustee of the Estate of Joseph G. Hannan, Defendant.**

**Bankruptcy No. 181–11156–16.**

**Adv. No. 182–0337–16.**

United States Bankruptcy Court, E. D. New York.

Nov. 3, 1982.

Charles R. Tropp, Staten Island, N.Y., for debtor-plaintiff.

Kenneth Kirschenbaum, Garden City, N.Y., Chapter 13 trustee.

OPINION

CECELIA H. GOETZ, Bankruptcy Judge, Acting for MANUEL J. PRICE, Bankruptcy Judge:

The issue in this case is: Does the Chapter 7 trustee, or the debtor, have the right to property which the debtor acquired after he filed for relief under Chapter 13, but before his proceeding was converted to Chapter 7.

The facts in this case are not in dispute. Joseph G. Hannan, the plaintiff-debtor, filed a petition under Chapter 13 on April 7,

---

1981. His plan was never confirmed, and the proceeding was converted to one under Chapter 7 on November 9, 1981. Between the time the debtor filed under Chapter 13, and the conversion to Chapter 7, he was involved in an automobile accident, giving rise to a claim for damages in excess of $7,500; he accumulated $2,200 from his wages, which he deposited in his savings bank; and his employer, who had continued withholding money pursuant to an income execution during the pendency of the Chapter 13 proceeding, had on hand substantial funds. The employer may also have been in possession of monies deducted prior to the filing of the Chapter 13 petition.

It is the Chapter 7 trustee's position that the debtor's negligence action, bank accounts, and the funds held by his employer, and deducted subsequent to the filing of the Chapter 13 petition, are assets of the Chapter 7 estate. The debtor contends that, on the contrary, all such property belongs to the debtor.

## DISCUSSION

The problem arises because the definition of an "estate" for purposes of Chapter 13 is not the same as under Chapter 7. Section 541, which applies both to Chapters 7 and 13, defines the "property of the estate" as "all legal or equitable interests of the debtor in property *as of the commencement of the case.*" (Emphasis supplied.) However, § 1306(a) provides that "property of the estate" includes, in addition to the property specified in § 541:

"all property * * * that the debtor acquires after the commencement of the case but before the case is closed, dismissed or converted to a case under chapter 7 or 11 of this title, whichever occurs first; and

"(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed or converted to a case under Chapter 7 or 11 of this title, whichever occurs first."

Section 1306(b) provides that the debtor remains in possession of all property of the estate, except as provided in his confirmed plan or the order confirming his plan.

Essentially, the position of the trustee is that anything which becomes property of the estate while the proceeding is under Chapter 13 continues to be property of the estate when it is converted to Chapter 7. The trustee, however, appears to give too little weight to § 348(a), which deals with the problems arising from conversion by providing that conversion "does not affect a change in the date of the filing of the petition, the commencement of the case or the order for relief." This means that, for all purposes, the commencement of the proceeding brought by Joseph G. Hannan is April 7, 1981, and the property belonging to the estate is the property he had as of that date, not that which he acquired subsequently.

The construction of the statutory language appears most consistent with the overall organization of the bankruptcy law and with precedent under the Bankruptcy Act of 1898.

Chapters 7 and 13 are fundamentally different. Under Chapter 7, a debtor secures release from his debts in exchange for all assets he owned when he seeks such exculpation. Under Chapter 13, he agrees to commit some portion of his future income to the discharge of his debts (which explains why the definition of "property of the estate" includes after-acquired property), and in exchange he retains possession of all his property, except as provided in his plan. In short, under Chapter 7, creditors are entitled to whatever are the assets of the debtor at the time he files for relief; under Chapter 13, the creditors get only whatever the debtor agrees to devote to the repayment of their debts out of his future income. When a Chapter 13 plan does not work out, the debtor has the privilege of converting to Chapter 7, and when he exercises that right, no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts by filing under Chapter 13.

Persuasive authority in support of this construction is *Miller v. Woolley,* 141 F.2d 837 (9th Cir.1944), *cert. denied,* 323 U.S. 716, 65 S.Ct. 44, 89 L.Ed. 576 (1944). In that case, a debtor in a Chapter XI case was allowed $1,000 per week out of his earnings for living expenses, out of which an attorney received fees for representing the debtor in a divorce suit. Before the plan was fully consummated, the debtor died and was adjudicated a bankrupt. The trustee sought to recover amounts paid to the debtor's attorney. The court held that the adjudication related back to the original filing of the petition under Chapter XI; that the debtor's earnings after adjudication were not subject to bankruptcy jurisdiction; and that the bankruptcy court could not order repayment by the attorney to the trustee of amounts received from earnings.

What the court said was:

"The question as to * * * the debtor's use of the funds allowed him * * * is set at rest by the retroactive adjudication in bankruptcy which freed his earnings so far as the jurisdiction of the bankruptcy court is concerned from the claims of the bankruptcy court over his property." *Id.* at 842.

*See also Wood v. Scott,* 180 F.2d 252 (6th Cir.1950).

In sum, the debtor is correct in asserting that the assets he acquired between the time he filed for Chapter 13, and the time he converted to Chapter 7, belong to him. The deductions, if any, taken from his earnings prior to filing under Chapter 13 belong, however, in a different category: they may well constitute assets of the estate, dependent upon facts not revealed by this record.

## CONCLUSIONS OF LAW

The trustee has no interest in any of the property which the debtor acquired subsequent to April 7, 1981, after the debtor filed a petition pursuant to Chapter 13 of Title 11 of the United States Code.

The foregoing constitutes the Court's Findings of Fact and Conclusions of Law in this proceeding.

Submit judgment.