In re Allen **WANDERLICH, Individually and d/b/a A.T.V.S. Service Company, and an officer of Allen's T.V. Sales & Service, Inc., Maryann Wanderlich, Debtors.**

Bankruptcy No. 81–11193 M.

United States Bankruptcy Court, W.D. New York.

Jan. 20, 1984.

Goldstein, Navagh, Bulan & Chiari, Buffalo, N.Y. (Harold P. Bulan, Buffalo, N.Y., of counsel), for trustee.

Allen Wanderlich, Debtor pro se.

BERYL E. McGUIRE, Bankruptcy Judge.

The debtors, Allen and Maryann Wanderlich filed their Chapter 13 petition on April 15, 1981. At the time of that filing, they owned their own home and Mr. Wanderlich, in addition, owned a business property on Sycamore Street in the City of Buffalo, New York. Mr. Wanderlich, for many years, had operated a television sales and service business at the Sycamore Street property.

A secured creditor initiated an adversary proceeding seeking relief from the automatic stay to permit foreclosure of a mortgage on the debtors' home. That litigation became intertwined with the debtors' efforts to propose a viable Chapter 13 plan. Ultimately, those efforts were unsuccessful and on September 15, 1982 the secured party was granted relief from the automatic stay to permit its foreclosure. That decision was appealed. Following dismissal of the appeal, the denial of a motion for a rehearing, and the scheduling of a hearing to consider dismissal of the case, the debtors, on April 14, 1983, converted their case to Chapter 7.

1. *See,* Bankruptcy Rule 1019.

Although no Chapter 13 plan had ever been confirmed, the debtors, during the Chapter 13 period, had paid the Chapter 13 trustee $1,000. Upon conversion, the Chapter 13 trustee paid these monies over to the Chapter 7 trustee, Harold Bulan.[1]

The debtors now move to amend their exemptions to claim this $1,000 exempt and to recover that sum from the Chapter 7 trustee. The trustee has appeared and opposed their motion.

For reasons which hereinafter will be detailed, the debtors' motion is granted.

## JURISDICTION

### I

Under the provisions of the Local Rule of the District Court dated December 23, 1982, this Court has authority to determine the respective rights of the parties.

## RELEVANT DECISIONS

### II

Initially, this Court must acknowledge its familiarity with two bankruptcy court decisions; namely, *In re Hannan,* 24 B.R. 691, 9 B.C.D. 1151 (Bkrtcy.E.D.N.Y.1982) and *In re Vazquez,* 20 B.R. 490, 9 B.C.D. 197 (Bkrtcy.W.D.N.Y.1982). Both concluded that, in the absence of confirmation of a Chapter 13 plan, the property acquired by the Chapter 13 debtor after the Chapter 13 filing and prior to the Chapter 7 conversion does not become property of the Chapter 7 estate. Reliance upon these decisions would establish these debtors' right to the fund in question.

However, the 8th Circuit Court of Appeals also addressed this issue in *Resendez v. Lindquist,* 691 F.2d 397 (8th Cir.1982). That Court concluded that funds voluntarily paid by a debtor prior to conversion *are* part of the estate but *are not* exemptible. Its rationale, of course, would preclude recovery by these debtors.

In contrast to the holdings of these cases, this writer believes that the funds paid to a Chapter 13 trustee prior to confirmation of

a Chapter 13 plan are part of a debtor's estate and may be claimed exempt by a debtor upon conversion to Chapter 7.

This view flows from the logic of the statutory scheme and, hence, requires a rather comprehensive review of Chapter 13 and the interrelationship of its provisions with other provisions of the Code.

## PROPERTY OF THE ESTATE

### III

The filing of a petition under the provisions of Title 11 U.S.C. creates an estate, the bounds of which are outlined in section 541 of the Code.[2] With few exceptions not here relevant, that section limits the estate to interests of the debtor at the time of the filing of the case. If the petition seeks relief under Chapter 13 of the Code,[3] subsection 1306(a) additionally provides that:

(a) Property of the estate includes, in addition to the property specified in section 541 of this title—

(1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed,

---

**2.** § 541. Property of the estate.

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

(2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—

(A) under the sole, equal, or joint management and control of the debtor; or

(B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.

(3) Any interest in property that the trustee recovers under section 543, 550, 553, or 723 of this title.

(4) Any interest in property preserved for the benefit of or ordered transferred to the estate under section 510(c) or 551 of this title.

(5) An interest in property that would have been property of the estate if such interest had been an interest of the debtor on the date of the filing of the petition, and that the debtor acquires or becomes entitled to acquire within 180 days after such date—

(A) by bequest, devise, or inheritance;

(B) as a result of a property settlement agreement with debtor's spouse, or of an interlocutory or final divorce decree; or

(C) as beneficiary of a life insurance policy or of a death benefit plan.

(6) Proceeds, product, offspring, rents, and profits of or from property of the estate, except such as are earnings from services performed by an individual debtor after the commencement of the case.

(7) Any interest in property that the estate acquires after the commencement of the case.

(b) Property of the estate does not include any power that the debtor may only exercise solely for the benefit of an entity other than the debtor.

(c)(1) Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section notwithstanding any provision—

(A) that restricts or conditions transfer of such interest by the debtor; or

(B) that is conditioned on the insolvency or financial condition of the debtor, on the commencement of a case under this title, or on the appointment of or the taking possession by a trustee in a case under this title or a custodian, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

(2) A restriction on the transfer of a beneficial interest of the debtor in a trust that is enforceable under applicable nonbankruptcy law is enforceable in a case under this title.

(d) Property in which the debtor holds, as of the commencement of the case, only legal title and not an equitable interest, such as a mortgage secured by real property, or an interest in such a mortgage, sold by the debtor but as to which the debtor retains legal title to service or supervise the servicing of such mortgage or interest, becomes property of the estate under subsection (a) of this section only to the extent of the debtor's legal title to such property, but not to the extent of any equitable interest in such property that the debtor does not hold.

(e) The estate shall have the benefit of any defense available to the debtor as against an entity other than the estate, including statutes of limitation, statutes of frauds, usury, and other personal defenses. A waiver of any such defense by the debtor after the commencement of the case does not bind the estate.

All references to sections are to the Bankruptcy Code, i.e., Title 11 U.S.C.

**3.** See, §§ 1301–1330, Title 11 United States Code.

or converted to a case under chapter 7 or 11 of this title whichever occurs first; and

(2) earnings from services performed by the debtor after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title, whichever occurs first.[4]

Subsection (b) of section 1306, which relates to a Chapter 13 case in which a plan has been confirmed, further provides:

(b) Except as provided in a confirmed plan or order confirming a plan, the debtor shall *remain in possession* of all property of the estate. [*Emphasis added.*]

#### A.

The object of a Chapter 13 filing, of course, is to propose and obtain confirmation of a Chapter 13 plan. Section 1322 of the Code outlines what shall be contained in a Chapter 13 plan, and section 1325 establishes the standards for confirming such a plan. Finally, section 1327 describes the effects of confirmation with subsection (b) thereof providing:

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan *vests* all of the property of the estate in the debtor. [*Emphasis added.*]

Troublesome differences in terminology between section 1327(b) and the provisions of section 1306(a) and (b) must be noted. Subsection (a) of section 1306 expressly continues its sweep of property into the estate until closing, dismissal or conversion of the case. *Its sweep does not stop with confir-*

*mation.* Moreover, subsection (b) of section 1306 yields to the debtor only *possession* of property not provided for in the plan or the order confirming the plan, suggesting that such estate property at the point of confirmation remains part of the estate, with the debtor having only the right to continue to hold it. By way of contrast, section 1327(b) speaks of property of the estate not provided for in the plan or order confirming the plan as *vesting* in the debtor, suggesting perhaps conveyance of estate property to the debtor.

Thus, two areas of potential tension exist. First, how may section 1306(a)'s labeling of that property which it sweeps until closing, dismissal or conversion as *"property of the estate"* and section 1327(b)'s designation of a portion of that property as being *vested* upon confirmation in the debtor be reconciled? Second, how may the finer distinction between section 1306(b)'s declaration that the debtor is entitled to *possession* following confirmation and section 1327(b)'s endowment of *vested rights* following confirmation in that same property be explained?

The writer believes these tensions may be resolved by analysis of the consequences of conversion, dismissal and closing.

#### B.

Section 348 governs the conversion of a Chapter 13 case to Chapter 7. Subsection (a) provides that, except as provided in subsections (b) and (c) of the section, conversion does not effect a change in the date of the filing of the petition, the commencement of the case or the order for relief. By

---

**4.** It is apparent that the Chapter 13 estate is by no means static. Its composition may be affected by the outcome of litigation commenced during the case. [*See,* section 551 and the sections referred to therein.] More significantly, after filing and before confirmation of a plan, the consequences of the debtor's use, sale or leasing of property [section 363], obtaining of credit extensions [section 364], assumption or rejection of executory contracts or leases [section 365] and pecuniary commitments necessary to continue utility service [section 363] further alter the estate. There, undoubtedly, are many other provisions of the Code which have similar effects. Those mentioned merely illustrate the potential impact of time upon the composition of property of the estate by virtue of the operation of sections 541 and 1306(a). That many simple Chapter 13 consumer cases involve factual settings with little potential for significant change does not detract from the fact that the Code does indeed anticipate and address more complex Chapter 13 situations. This is not surprising since proprietorships of not inconsequential size are now within the ambit of the Chapter. [*See,* § 109(e), Title 11 United States Code.]

its very terms this subsection does not purport to alter or modify the provisions or applicability of sections 541 and 1306. Subsection (b) merely seeks to avoid confusion in nomenclature in reading provisions of the Code which become applicable upon conversion of the case. Hence, the term "the order for relief under this chapter" which appears in sections 701(a) [governing the appointment of an interim trustee], 727(a)(10) [approval of a waiver of discharge], 727(b) [defining the effective date of an order of discharge] and 728(a) and (b) [special tax provisions] is to be read to refer to the order of conversion to Chapter 7 in cases such as the one at bar. Subsection (c) provides that sections 342 [notice of an order for relief] and 365(d) [assumption or rejection of executory contracts or unexpired leases] are to be applied as though the conversion order were the order for relief. Subsection (d), as it applies to this case, provides that the post-petition, pre-conversion claims [except for certain administrative claims described in section 503(b)] shall be treated as pre-petition claims. Subdivision (e), again as it applies to this case, provides that conversion terminates the services of the Chapter 13 trustee.

Thus, section 348 operates to complement, not to replace, sections 541 and 1306. Especially noteworthy is the fact that section 348 in no way interferes with the section 1306 declaration that post-petition, pre-conversion property in a Chapter 13 case is "property of the estate". Subsection (c) plainly authorizes the Chapter 7 trustee to assume or reject all pre-conversion executory contracts or unexpired leases of the Chapter 13 debtor, including those arising post-petition and even post-confirmation;

an impossibility if those interests were not a part of the estate following confirmation. Moreover, subdivision (d) hardly would elect to treat post-petition creditors of the Chapter 13 debtor as being pre-petition claimants after conversion to Chapter 7, if post-petition cash deposits or property which the debtor acquired as a result of credit transactions were not to be included in the debtor's Chapter 7 estate.

The provisions of section 349,[5] governing dismissal, in general attempt to unravel the consequences of the filing. They direct the reinstatement of proceedings and custodianships superseded under section 543 of the Code; a consequence hardly possible if vesting of that property were unconditional. Additionally, transfers and liens which had been avoided, in general, are reinstated; again, a consequence inconsistent with unconditional vesting. The vacating of orders, judgments or transfers ordered under sections 522(i)(1), 542, 550 or 553 and the revesting provisions which follow would be equally inconsistent with unconditional vesting.

Finally, as to closing, section 1306 must be read to reference those Chapter 13 cases in which the case is closed by virtue of the debtor having consummated the confirmed plan and, if not waived, having received a discharge, or those cases in which consummation has become impossible and the debtor has applied for and received a hardship discharge. Otherwise, conversion or dismissal would precede the disposition of the case and trigger the operation of sections 348 or 349 respectively.

The directives of sections 348 and 349 and the nature of the closing of cases not sub-

---

5. § 349. Effect of dismissal.
   (a) Unless the court, for cause, orders otherwise, the dismissal of a case under this title *does not bar the discharge, in a later case under this title, of debts that were discharge-able in the case dismissed.*
   (b) Unless the court, for cause, orders otherwise, a dismissal of a case other than under section 742 of this title—
   (1) reinstates—
   (A) any proceeding or custodianship superseded under section 543 of this title;

(B) any transfer avoided under section 522, 544, 545, 547, 548, 549, or 724(a) of this title, or preserved under section 510(c)(2), 522(i)(2), or 551 of this title; and
   (C) any lien voided under section 506(d) of this title;
   (2) vacates any order, judgment, or transfer ordered, under section 522(i)(1), 542, 550, or 553 of this title; and
   (3) revests the property of the estate in the entity in which such property was vested immediately before the commencement of the case under this title.

ject to those directives suggest to this writer that the word "vest" as used in section 1327(b) must be read to mean, until one of the three contingencies is met, only the lodging of unfettered control as well as possession of then existing property in the debtor. Such a construction not only is a correct usage of the term [6] but it also accommodates the concept of that property remaining within the debtor's estate. This unfettered control is conditional in the sense that conversion, dismissal or closing will impact in different ways upon the debtor's rights in the future. The consequences of conversion or dismissal have been discussed. With the closing of the Chapter 13 case following consummation and/or discharge, the sweep of section 1306 ceases, and the condition precedent to absolute vesting under section 1327(b) is satisfied.

### C.

Before leaving this question and by way of parenthetical comment, a comparison to Chapter 11 provisions, analogous to those discussed above, is appropriate.

Section 1141(b) of the Code, which governs the effects of confirmation in Chapter 11 reorganization cases, utilizes vesting language identical to that found in section 1327(b). Chapter 11, on the other hand, has no counterpart to section 1306. Two fundamental differences between a Chapter 11 case and a Chapter 13 case explain that absence and further support this writer's prior analysis.

First, since reorganization cases, with rare exception, involve business debtors, post-petition, pre-confirmation property is generated from existing property of the estate and is included in the estate by way of section 541(a)(7) of the Code.[7] Many Chapter 13 debtors, on the other hand, are wage earners, and post-petition wages and property derived from those wages, by definition, do not fall within section 541 and would be without the estate but for section 1306.

Second, in Chapter 11, confirmation itself either affords the debtor the discharge relief which is the ultimate goal of most filings,[8] accomplishes liquidation of the debtor's property,[9] or, in any event, terminates relief in that Chapter. Hence, there is no need to treat with post-confirmation property in the Chapter 11 case. On the other hand, in a Chapter 13 case, the debtor does not receive a discharge until consummation of the plan [10] or demonstrable hardship precludes further efforts under the plan and affords discharge relief.[11]

It is the postponement of discharge until some future time following confirmation that gives rise to the two contingencies not found in the Chapter 11 reorganization case; namely, the dismissal,[12] or conversion [13] of the case *before discharge*. Those contingencies, in turn, give rise to the need to define post-confirmation property [section 1306], the consequences of dismissal [section 349] and the consequences of conversion [section 348].

### D.

In summary, this writer believes that the analysis of Chapter 13 and related provisions, supplemented by comparison with relevant features of Chapter 11, compels the conclusion that post-petition, pre-confirmation property of a Chapter 13 debtor, upon conversion, indeed is property of the Chapter 7 estate.

---

6. *vest*—v.t. ... 10. to place or settle (something, esp. property, rights, powers, etc.) in the possession or control of a person or persons ... *The Random House Dictionary of the English Language,* Unabridged Edition, 1973, p. 1589.

7. *See,* Legislative History 124 Cong.Rec. H 11,096 (Sept. 28, 1978); S 17,413 (Oct. 6, 1978).

8. *See,* § 1141, Title 11 United States Code.

9. *See,* § 1123(a)(5)(D), Title 11 United States Code.

10. *See,* § 1328(a), Title 11 United States Code.

11. *See,* § 1328(b), Title 11 United States Code.

12. *See,* § 349, Title 11 United States Code.

13. *See,* § 348, Title 11 United States Code.

## EXEMPTION

### IV

Since the fund in question is property of the estate, the next question is whether these debtors may exempt it. The 8th Circuit Court of Appeals in *Resendez v. Lindquist, supra,* held that funds deposited with a Chapter 13 trustee pursuant to a confirmed Chapter 13 plan could not be exempt upon conversion to Chapter 7. The majority opinion relied upon the "voluntary" character of the payments to disqualify them from exemption, analogizing to section 522(g) of the Code.

Subsection 522(g) [and 522(h), which incorporates its provisions] relates to pre-petition transfers and post-petition transfers proscribed by section 549 of the Code. The transfer by a debtor of funds which are estate property to the Chapter 13 trustee as the anticipated or actual disbursing agent simply is not encompassed within subsections (g) and (h) of section 522. Moreover, it clearly appears that the Congress, in enacting section 522 of the Code to govern exemptions, did not intend that a debtor be irrevocably bound to his or her selection of exemptions at the inception of the case.[14]

In this case, there had been no confirmation of the debtors' plan prior to their choice to convert to Chapter 7. Hence, any rights which the creditors had in those monies were contingent (upon confirmation). There is no question the funds were property of the estate, but this Court believes that the debtors possessed the right to exempt them up to the amount permissible under law. Since the date of conversion governs those claims allowable against the Chapter 7 estate as well as determines what constitutes property of the estate, it appears reasonable that the debtors be entitled to amend their exemption schedule within a reasonable time following conversion.

Thus, this writer is satisfied that the voluntary character of the pre-petition payment to the Chapter 13 trustee is not an impediment to debtors' claiming post-petition, pre-confirmation payments exempt at the time of conversion.

## CONCLUSION

### V

In concluding, it should be observed that this writer's overall analysis results in there generally being no difference in the consequences to debtors or creditors between conversion to Chapter 7 from Chapter 13 and dismissal of a Chapter 13 case followed immediately by the filing of a Chapter 7 case. Such symmetry and mirroring of consequences, this writer suggests, was intended by Congress.

These debtors, now proceeding pro se, have orally argued that the property is exempt, but have had difficulty filing a written amendment stating the correct exemption provision. Their argument will be treated as a motion to amend to claim the federal exemption provided in § 522(d)(5), Title 11 U.S.C.[15] On the present record, the debtors clearly are entitled to claim that exemption, and the sum in question is within the amount permitted by federal law.

The motion to amend is granted, the exemption is allowed, and the trustee is directed to return the sum of $1,000 to the debtors.

So Ordered.

---

**14.** The legislative history to section 522(b) states "The Rules will provide for the situation where the debtor's choice of exemptions ... was improvident and should be changed ..." *House Report,* No. 95–595, 95th Cong., 1st Sess. (1977) 360–1, U.S.Code Cong. & Admin. News 1978, pp. 5787, 6316.

The recently adopted Bankruptcy Rules, following the permissive approach of former Bankruptcy Rule 110, placed no time limitation on a debtor's amending the schedule of exemptions. *See,* B.R. 1009.

**15.** The New York State "opt-out" legislation is found in Article 10–A of the New York Debtor and Creditor Law. The legislative history of this article provides that it does not apply to cases filed prior to its effective date, i.e., September 1, 1982.

Were state law applicable, the fund would be exempt under § 283(2)(c) of the New York Debtor and Creditor Law.