**In re Theodore and Gail DVOROZNAK, Debtors.**

**Bankruptcy No. 881–83560–18.**

United States Bankruptcy Court, E.D. New York.

March 13, 1984.

Robert W. Farrell, Central Islip, N.Y., for debtors.

Halpern, Halpern, Axelrod, Kirschenbaum & Phillips, P.C., Mineola, N.Y., for EAB.

Batzar & Weinberg, Rockville Centre, N.Y., for Sears.

## DECISION

C. ALBERT PARENTE, Bankruptcy Judge.

Debtors, Theodore Dvoroznak and Gail Dvoroznak ("debtors"), brought on a motion to avoid certain judicial liens held by European American Bank and Trust Company ("EAB") and Sears Roebuck & Co. ("Sears") under 11 U.S.C. § 522(f) on the grounds that said liens impair debtors' right to statutory exemptions.

BACKGROUND

On November 4, 1981, debtors filed a petition under Chapter 7 of the Bankruptcy Reform Act of 1978 ("Code"). The schedules annexed to said petition contained representations that debtors held title to a residence located at 114 Dikeman Street, Hempstead, New York, and further representations that the residence had a value as of that date of $38,000.00. Additionally, the schedules reported an outstanding mortgage balance on the house of $22,976. Premised upon these figures, debtors possessed equity in their residence in the amount of $15,024.00 after reducing its value by the mortgage encumbrance.

Debtors availed themselves of the exemptions set forth in N.Y.C.P.L.R. § 5206 and 11 U.S.C. § 522(d)(1) to exempt this unencumbered equity. Gail Dvoroznak claimed a $10,000 exemption pursuant to N.Y.C.P.L.R. § 5206 and Theodore Dvoroz-

nak claimed an exemption in the amount of $5,024.00 under § 522(d)(1).

Debtors' schedules further disclosed that several judgments were rendered against them jointly. The moving papers apprise the court that these were docketed in Nassau County, the county in which the homestead is situated. On April 25, 1980, EAB docketed two judgments in the amounts of $1,211.68 and $2,079.24 respectively. On November 7, 1980, Sears docketed a judgment against debtors in the amount of $497.82.

On February 18, 1982, the debtors received a discharge of indebtedness pursuant to 11 U.S.C. § 727. Thereafter, the case was duly closed.

On April 21, 1983, the debtors moved to reopen the case pursuant to 350(b) for the purpose of avoiding the above-referenced judicial liens. By order dated September 6, 1983, the court granted debtors' motion to reopen the case.

On December 13, 1983, defendants moved pursuant to Bankruptcy Rule 4003(d) and § 522(f) to avoid the judicial liens of EAB and Sears. Sears did not file papers nor appear in opposition to debtors' motion.

## APPLICABLE PROCEDURAL RULES

■ EAB opposes debtors' motion on the procedural grounds that this motion should have been brought instead by adversary proceeding. EAB contends that since the bankruptcy case was commenced prior to August 1, 1983, the effective date of the new Bankruptcy Rules, it should not be governed by Rule 4003(d) of the new rules which requires proceedings to avoid liens under 522(f) to be brought by motion. [Transcript of December 13, 1983 ("Tr.") at 28.]

This argument is summarily rejected. The Bankruptcy Rules prescribed by the Supreme Court of the United States made effective August 1, 1983, by order dated April 25, 1983 ("Supreme Court Order") govern procedure in all cases under the Code. See Rule 1001, Rules of Bankruptcy Procedure. Moreover, the Supreme Court

Order specifically provides that the Bankruptcy Rules "shall be applicable to proceedings then pending [on August 1, 1983], except to the extent that in the opinion of the court their application in a pending proceeding would not be feasible or would work injustice, in which event the former procedure applies." Rules of Bankruptcy Procedure at 1. (U.S. Gov't Printing Office 1983.)

The foregoing establishes that as a general proposition all proceedings in Code cases pending as of or after August 1, 1983 are governed by the Rules adopted as of that date subject to the exceptions enumerated above. EAB has failed to demonstrate that the application of these rules would either work an injustice or render the pendency unfeasible. Accordingly, debtors' motion is properly brought under current Rule 4003(d).

## APPROPRIATE FOCUS FOR VALUATION OF DEBTORS' EXEMPT PROPERTY

Section 522(f) provides in relevant part: Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(1) a judicial lien ...

11 U.S.C. § 522(f).

■ A finding as to whether a judicial lien impairs a right to an exemption rests upon a prior determination of the value of the property claimed in part or in whole as exempt. In the event there exists sufficient value in the property to satisfy both the debtors' claimed exemptions and the judicial liens attached thereto, then the judicial liens may not be avoided since they do not impair the debtors' right to statutory exemptions. It is only when there is insufficient equity to satisfy in full judicial lienors and the debtors' rights to exemptions that 522(f) may be invoked to avoid the judicial liens which impair the debtors' claimed exemptions.

Under the foregoing analysis, a critical element in concluding that a lien may or

may not be avoided is a determination of the value of the property upon which liens have attached and exemptions have been claimed.

It is self-evident that value is not a static concept and that it is necessarily affected by the passage of time. The value of a debtor's equity in real estate, as a general proposition, will be enhanced by both its appreciation in value and by the debtors reduction of the principal mortgage balance by making periodic payments. Therefore, determining the appropriate time to value property upon which exemptions are claimed will necessarily impact on the debtor's right to avoid liens which impair his right to exemptions.

The substantive basis of the parties' dispute hinges upon differing conceptions as to the appropriate date for measurement of the value of debtors' homestead.

EAB contends that the value of debtors' homestead should be measured as of the return date of the motion. Consistent therewith, EAB claims the benefit of accretions in the equity in debtors' homestead subsequent to the date of the filing of the petition. EAB also argues that debtors are precluded from amending their schedule of exemptions to reflect any increased value in their property accruing post-petition. EAB concludes that in light of the existence of non-exempt equity as of the date of this motion, its liens do not impair debtors' exemptions and thus may not be avoided.

Debtors assert in contraposition that the appropriate point in time for valuation of their homestead is as of the date of the filing of the petition. Therefore, any post-petition increase in value should inure to their benefit and not to the benefit of EAB.

At the hearing on debtors' motion, debtors' expert testified that as of the date of the motion, the market value of debtors' homestead was $40,000.00. Tr. at 25–26. Mr. Dvoroznak testified that there was on that date an outstanding mortgage balance of $21,500.00. Tr. at 16. Assuming the validity of EAB's position that the appropriate date for valuation of the homestead is as of the date of the hearing, there did exist $18,500.00 in equity in debtors' homestead unencumbered by the mortgage. After reducing this amount by the amount debtors claimed as exempt, $15,024.00, there would exist $3,476.00 of equity in the homestead against which EAB's liens, which aggregated $3,290.92, would attach.

ANALYSIS

Section 541(a)(1) of the Code which governs the extent of debtors' property to be included in the bankruptcy estate states that "all legal or equitable interests of [a] debtor" in property as of the commencement of a case are property of the bankruptcy estate.

Property acquired by the debtor subsequent to the filing of a petition in bankruptcy does not become part of the bankruptcy estate unless inclusion is specifically required by statute. *See Lockhart v. Garden City Bank & Trust Co.,* 116 F.2d 658 (2d Cir.1940); (4 Collier on Bankruptcy 541.05 at 541–23 (15th ed. 1983)).

Thus, it is clearly manifest that all property of the debtor as of the date of the filing of the petition including property necessary for a fresh start is compounded into the estate. "After the property comes into the estate, then the debtor is permitted to exempt it under … 11 U.S.C. § 522, and the court will have jurisdiction to determine what property may be exempted and what remains as property of the estate." House Report No. 95–595, 95th Cong., 1st Sess. 367–8 (1977), reprinted in Appendix 2 Collier on Bankruptcy at 360 (15th ed. 1983).

Two principles emerge from the foregoing analysis which provide insight into the case *sub judice.* First, as a general proposition it is only the property of the debtor as of the filing of the petition which is included in the bankruptcy estate. Secondly, debtors may only exempt property which falls within the purview of the estate.

As far back as 1924, the United States Supreme Court in *White v. Stump,* 266 U.S. 310, 45 S.Ct. 103, 104, 69 L.Ed. 301, articulated the proposition that in a liquidation case exemptions are to be measured as of the filing of the petition:

When the law speaks of property which is exempt and of rights to exemptions, it

of course refers to some point in time. In our opinion this point in time is the one as of which the general estate passes out of the bankrupt's control, and with respect to which the status and rights of the bankrupt, the creditors and the trustee in other particulars are fixed. [Bankruptcy law discloses that] ... one common point of time is intended and that it is the date of the filing of the petition. *Accord Mansell v. Carroll,* 379 F.2d 682 (10th Cir.1967); *In re Cameron,* 25 B.R. 119 (Bkrtcy.N.D.Ohio 1982); *In re Johnson,* 19 B.R. 371 (Bkrtcy.D.Kan.1982); *In re Hahn,* 5 B.R. 242, 2 C.B.C.2d 761 (Bkrtcy.S.D.Iowa 1980).

Likewise, a number of Code cases have held that within the context of a Chapter 7 proceeding the appropriate focus for a valuation hearing as to property claimed by a debtor as exempt is as of the date of the filing of the petition in bankruptcy. *In re Tarrant,* 19 B.R. 360, 9 B.C.D. 413 (Bkrtcy.D.Alaska 1982); *In re Walters,* 14 B.R. 92, 8 B.C.D. 190 (Bkrtcy.S.D.W.Va.1981); *In re Pitre,* 11 B.R. 777 (Bkrtcy.N.D.Ill.1981); *In re Crump,* 2 B.R. 222, 5 B.C.D. 1235 (Bkrtcy.S.D.Fla.1980).

■ Guided by the above-cited cases, the court finds that in a Chapter 7 case the appropriate focus for the valuation of exempt property is as of the filing of the petition.

The Code and applicable case law having established the date of filing as the time at which to measure exemptions and to determine which property may be claimed as exempt, it is equally appropriate to value the exempt property as of the same date, *see* § 522(a)(2).

This conclusion comports with the legislative history supporting § 522. Debtors are afforded statutory exemptions to facilitate their "fresh start." Section 522(f) authorizes the avoidance of certain liens which would act to inhibit the availability of exemptions and thus the availability of a fresh start. This subsection "protects the debtor's exemptions, his discharge, and thus his fresh start by permitting him to avoid certain liens on exempt property."

House Rep. No. 95–595, 95th Cong., 1st Sess. 362, reprinted in Appendix 2 Collier on Bankruptcy at 362 (15th ed. 1983). To allow lien creditors to defeat a motion under § 522(f) by claiming the right to equity in exempt property accrued post-petition will thwart a debtor in his "fresh start."

■ Having determined the appropriate point in time to measure the value of debtors' exempt property is the date of the filing of the petition in bankruptcy, it remains to review the parties' testimony to determine the avoidability of the judicial liens. The parties are in agreement that the fair market value of debtors' homestead as of the date of their petition was $38,000. Tr. at 26. Debtors' schedules disclose that the mortgage balance at such time was $22,976. By subtraction, the amount of equity unencumbered by a mortgage lien as of the date of the petition was $15,024. This sum was properly claimed as exempt. Consequently, the judicial liens of EAB and Sears impair debtors' right to exemptions. *See In re Dewyer,* 11 B.R. 551 (Bkrtcy.W.D.Pa.1981).

Accordingly, the liens of EAB and Sears are hereby avoided.

SETTLE ORDER.