**In re Stanley Leroy SAVARY, Debtor.**

**Valerie J. HALL, Trustee, Plaintiff,**

**v.**

**Stanley Leroy SAVARY and Florida National Bank, Defendants.**

**Bankruptcy No. 83–812–BK–J–7.**
**Adv. No. 85–217.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Jan. 29, 1986.

Charles W. Grant, Jacksonville, Fla., for plaintiff.

Valerie J. Hall, Gainesville, Fla., trustee.

John L. Scott, Branford, Fla., for debtor/defendant.

Robert D. Hiday, Jacksonville, Fla., for bank.

MEMORANDUM DECISION

GEORGE L. PROCTOR, Bankruptcy Judge.

The Court having considered the memorandums of the parties and having been otherwise advised, finds that the damages awarded in the Order of Contempt dated September 30, 1985, are property of the estate pursuant to 11 U.S.C. § 541(a)(1) and (7).

Florida National Bank replevied before December 20, 1983, the date debtor filed for relief under 11 U.S.C. Chapter 11, an A–66 Ford Tractor Loader, property of the debtor, Stanley Leroy Savary. A "Suggestion of Bankruptcy Proceeding" was delivered by the debtor to the attorney for Florida National Bank in the state replevin action on December 21, 1983, and Notice of the Automatic Stay imposed by 11 U.S.C. § 362 was also mailed to it by the Clerk of the Bankruptcy Court on December 22, 1983. Without seeking relief from the automatic stay, the bank sold the A–66 Ford Tractor Loader on December 29, 1983. This case was subsequently converted from Chapter 11 to Chapter 7 on March 4, 1985. The Court found the bank had willfully violated the automatic stay and was held in contempt of court. The Court awarded $10,079.50 in compensatory damages for

the conversion of the A–66 Ford Tractor Loader.

This adversary proceeding was brought to determine whether the compensatory damages are property of the bankruptcy estate or property of the debtor individually.

Section 541 of Title 11 creates an estate of all the property, wherever located and by whomever held, in which the debtor holds a legal or equitable interest as of the time the case is commenced. 11 U.S.C. § 541(a)(1). The estate also includes any interest in property which it acquires after commencement of the case. 11 U.S.C. § 541(a)(7).

When the Chapter 11 case was commenced, the A–66 Ford Tractor Loader had already been replevied by the bank and was still in its possession. Since the loader had not been sold at public sale to satisfy the bank's claim, legal title remained in debtor, thus the loader became part of debtor's bankruptcy estate. *See* 11 U.S.C. § 541(a)(1). Accordingly, when the loader was converted on December 29, 1983, the party injured by the conversion was debtor's estate, not debtor individually. Section 541(a)(7) includes these compensatory damages in debtor's estate. The damages are a substitution in kind for the converted loader which would have inured to the benefit of the creditors.

The debtor's reliance on *In re Dvoroznak*, 38 B.R. 178 (Bkrtcy.E.D.N.Y.1984) is misplaced. In *Dvoroznak*, the Court found that *post-petition* property does not become part of the estate unless specifically included by statute. *Id.* at 181. The property involved in this matter is *pre-petition* property. The compensatory damages were awarded in substitution of this property and become part of the estate under 11 U.S.C. § 541(a)(1) and (7). There is no authority to support the proposition that compensatory damages replacing estate property inures to the benefit of the debtor individually. Debtor is only entitled to the right to receive a fresh start and any exemption benefits. Debtor may wish to assert an administrative claim under 11 U.S.C. § 503(b) for time and effort spent in recovering this property for the estate.

For these reasons, a final judgment finding the compensatory damages to be part of debtor's estate under § 541 will be separately entered.