In re Ned & Genetha **CAMPBELL, Michael & Sandra Wilke, Daniel & Joan Voight, Vincent Van Tol, Debtors.**

Bankruptcy Nos. 84–08156, 84–07717, 83–00593 and 82–01183.

United States Bankruptcy Court, E.D. Michigan, S.D., at Flint.

March 14, 1986.

James L. Rowe, Flint, Mich., for debtors.

Carl L. Bekofske, Flint, Mich., Chapter 13 trustee.

Michael A. Mason, George B. Rasch, Robert I. Leech, Flint, Mich., Chapter 7 trustees.

### MEMORANDUM OPINION REGARDING MOTIONS BY DEBTORS FOR TURNOVER OF FUNDS

ARTHUR J. SPECTOR, Bankruptcy Judge.

The debtors in these cases seek orders to compel the Chapter 13 trustee to turn over the funds which, presumably,[1] represent

---

**1.** We cannot say for certain that these funds do, in fact, arise from post-petition earnings of the

post-petition wages of the debtors which were assigned to the trustee pursuant to their respective Chapter 13 plans.

In each of these cases, a Chapter 13 plan was confirmed by the Court, and before the plan could be completed, the case was converted to Chapter 7. At the time of the conversion, the Chapter 13 trustee was holding funds which had been collected prior to the date of conversion, but had not yet been distributed to creditors pursuant to each debtor's particular plan. The Chapter 13 trustee has refused to distribute these remaining funds to creditors, to return them to the debtors, or to turn them over to the respective Chapter 7 trustees.

On January 22, 1986, a hearing on these motions was conducted in all four cases; the Court took the matter under reserve. The debtor, the Chapter 13 trustee, and some of the Chapter 7 trustees executed and submitted a stipulation of facts on January 29, 1986.

Although the question of how the Chapter 13 trustee should dispose of funds on hand at the time of conversion is a common problem in this Court,[2] we can not decide this issue at the present time. Local Rule 17f of the Local Rules of the District Court for the Eastern District of Michigan provides as follows:

Unless otherwise directed by the Court, motions and responses thereto shall be accompanied by a brief not more than 20 pages in length in support of or opposing the motions, and citation of authorities upon which the parties rely. The Clerk of the Court will not accept for filing any motion or response not in compliance with this Rule. If the time for filing supporting documents is extended in the manner prescribed by section (j) of this Rule the briefs need not be filed until the time specified in the extension order or stipulation.

In the cases at bar, none of the motions for turnover were accompanied by a brief; nonetheless, the motions were accepted for filing by the clerk and hearings were scheduled. At the combined hearing on these motions, the Court directed counsel for all interested parties, especially including the movants, to submit briefs in support of their respective positions as to who had the best claim to the funds on hand. In the nearly two months since then, only the Chapter 13 trustee has provided us with a brief.

As the movants have failed to provide us with any brief in support of the motions, we are compelled to deny them for want of prosecution. We realize that the question of what to do with the undistributed funds on hand with the Chapter 13 trustee at the time of conversion is important. Moreover, it is a question on which courts have been unable to reach a consensus. *Compare In re Peters*, 44 B.R. 68, 11 C.B.C.2d 881 (Bankr.M.D.Tenn.1984) with *In re Wanderlich*, 36 B.R. 710 (Bankr.W.D.N.Y.1984). However, the Court is neither an investigative body nor an academic institution; it is not appropriate or practical for us to conduct extensive research on this subject and draw our own conclusions in the absence of input from those parties who have a stake in the outcome. Courts decide cases, not issues. It is incumbent upon the parties in interest—particularly the moving party—to provide us with legal arguments to support their respective positions with regard to the action which they believe the Court should take. Our function is to evaluate the legal arguments proposed by the par-

debtors. The debtors' motions do not so state, and a stipulation of facts entered into by various parties also fails to indicate the source of these funds. Thus, technically the debtors have failed to allege the minimum facts necessary to show that they are entitled to a turnover order.

**2.** The stipulation referred to above refers not only to the four cases involved here, but also to eight other cases in which the trustee is holding

onto funds subsequent to conversion of the case. However, as no motions for such relief have been filed in these eight cases, there is no basis on which we could take any action to order the trustee to turnover those funds. Even were we able to reach an opinion in the four cases in which motions had actually been filed, that opinion and order would have no effect on these other cases.

ties, not to make those arguments for them.

Therefore, because the debtors have failed to comply with Local Rule 17f of the Local Rules of the District Court for the Eastern District of Michigan by not filing briefs with their motions or since the hearing, they have failed to persuade us that they are entitled to the turnover of the money held by the Chapter 13 trustee. For that reason, the debtors' motions in these cases shall be denied. The Court has entered orders consistent with this opinion contemporaneously herewith.