**In re Edward J. JACOBSON and Gloria A. Jacobson, Debtors.**

**RESERVE MANAGEMENT, INC., Plaintiff,**

v.

**Edward J. JACOBSON and Gloria A. Jacobson, Defendants.**

**Proceeding No. 84 J 0396.**

United States District Court, D. Colorado.

March 15, 1985.

Donald W. Alperstein, Dominick, Covell & Stern, P.C., Denver, Colo., for plaintiff.

Lawrence A. Wright, Jr., Kiowa, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

ROLAND J. BRUMBAUGH, Bankruptcy Judge.

THIS MATTER comes before the Court on Plaintiff's Motion for Attorney's Fees. This case was originally pending before another judge of this Court who entered an Order of Recusal on the within Motion on January 11, 1985.

This Motion arises out of Defendants' Motion to Disqualify Judge filed September 13, 1984. The Motion was denied September 17, 1984.

Trial in this adversary proceeding commenced August 3, 1984, at 1:30 p.m., and continued until approximately 6:00 p.m. At that time, the Court had some discourse with counsel attempting to set a date and time for continuation of the trial. Originally, the Court had only allowed one-half (½) day for the entire trial. The trial resumed on September 19, 1984, from 9:00 a.m. to 9:45 a.m., and on September 26, 1984, from 9:00 a.m. to 11:10 a.m., when it concluded.

On September 13, 1984, thirteen (13) days after the first recess and only six (6) days prior to resumption of the trial on September 19, 1984, counsel for Defendants filed the Motion to Disqualify Judge, which was denied September 17, 1984.

Plaintiff now requests attorney's fees be imposed against counsel for Defendants which were occasioned in defending against the Motion to Disqualify Judge. Plaintiff seeks these fees under Rule 9011, B.R., which, in its essential terms, tracks Rule 11, F.R.Civ.P.

Rule 9011 and Rule 11, both provide that the signature of an attorney on a document constitutes a certificate by him that he has read the document; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law.

The Court has reviewed the Motion to Disqualify Judge and the Affidavit of Defendant Gloria A. Jacobson in support of the Motion. From such a review it is clear on its face, that it fails to allege any facts which would be sufficient, even if proven, to support disqualification of the presiding judge. Thus, it can hardly be said that the Motion was well-grounded in fact. Counsel was present during all of the alleged misconduct of the judge and knew first hand what the facts were.

The Motion cites no legal authority to support it. It cannot, therefore, be argued that it is a good faith attempt to change existing law, for it fails to even state what the current law is. The Motion is frivolous on its face.

Plaintiff also presented expert testimony that the filing of the Motion to Disqualify Judge violated the standards of propriety of the local bar for filing such motions. As this Court stated at the hearing, although such evidence may be persuasive, it is not controlling. It may well be that the standards of Rule 9011 and Rule 11 are much higher than the standards of a local bar.

With these findings, Rule 9011 and Rule 11 are mandatory, *i.e.* the Court *shall* impose appropriate sanctions. The rules themselves provide that sanctions may include the amount of reasonable expenses incurred because of the filing of the violating document. This standard appears appropriate here, *i.e.* to reimburse Plaintiff for the extra attorney's fees incurred to defend against the Motion.

The evidence at the hearing herein showed that Plaintiff incurred additional attorney's fees in the sum of $1,730.00 prior to the hearing and another $100.00 for the hearing plus, $20.00 in expenses. The Court finds from the testimony that the hourly fee of $100.00 per hour is reasonable, that the time spent on this matter

was reasonable and necessary, and that the total fees and expenses are reasonable. It is, therefore,

ORDERED that the within Motion for Attorney's Fees is granted, and Lawrence A. Wright, Jr., Esq., shall pay to Plaintiff the total sum of $1,850.00 for attorney's fees and expenses as a sanction under Rule 9011, B.R., and Rule 11, F.R.Civ.P. within ten (10) days from the date of this Order.