In the Matter of James Keith MARLER, Bonnie Jean Marler, Debtors.

Randall Lee DAVIS, d/b/a R.L. Davis Company, Plaintiff,

v.

James Keith MARLER and Bonnie Jean Marler, Defendants.

Bankruptcy No. 84–20150.
Adv. No. 84–0063.

United States Bankruptcy Court, D. Kansas.

March 12, 1986.

Thomas E. Foster, of Foster and Foster, Overland Park, Kan., for debtors/defendants.

William O. Isenhour, Jr., of Soden and Isenhour, P.A., Mission, Kan., for plaintiff/creditor.

James E. Kunce, Kansas City, Kan., Trustee.

## MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came on for trial on December 13 and 14, 1984, upon a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6). Plaintiff Randall Lee Davis, d/b/a R.L. Davis Company, appeared by William O. Isenhour, Jr., of Soden and Isenhour, P.A. Defendant/Debtors James K. and Bonnie J. Marler appeared in person and by Thomas Foster, of Foster and Foster.

## FINDINGS OF FACT

Based on the exhibits, testimony, pleadings, and taking judicial notice of the file of *Marler v. Davis*, District Court of Johnson County, Kansas, Case No. 108774, this Court finds as follows:

On February 17, 1984, James and Bonnie Marler, hereinafter "debtors," filed a petition for relief under Chapter 7 of the Bankruptcy Code. Randall L. Davis, d/b/a R.L. Davis Company, hereinafter "creditor," subsequently filed a complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(6).

The gravamen of creditor's pleading is that the debtors executed an affidavit on November 11, 1981, which alleged there were "no outstanding bills on which mechanics liens can be obtained in favor of any materialman or laborers," when in fact the debtors knew that (1) there were many unpaid construction bills owed to creditor and his subcontractors, and (2) such affidavit was executed "willfully, knowingly and fraudulently" intending to defraud the creditor of the sum owing.

On August 23, 1983, the creditor herein obtained an order from the state court adjudging that the debtors were liable to creditor in the aggregate sum of $18,381.38, together with costs and disbursements of that state court proceeding, including interest thereon. Such judgment to date remains unsatisfied. The creditor's complaint requests that this debt be adjudged non-dischargeable, and that a separate trial be held on the issue of damages.

The creditor's motion papers contain several exhibits which remain uncontroverted by the debtors, and lead this Court to find the following facts undisputed:

1. Prior to the debtors' petition for bankruptcy relief, the Hon. Janette Howard of the District Court of Johnson County, Kansas, awarded the creditor a sum of $18,381.38 on the grounds of breach of contract and right to foreclosure, on August 23, 1983.

2. At that time, both parties were ordered by the court to file any motions for summary judgment within 10 days of the date of the journal entry of the August 23, 1983 hearing. That journal entry was filed with the clerk of the court on September 7, 1983, giving the parties until September 19, 1983, to file additional motions. On that day, creditor filed his "Motion for Partial Summary Judgment" asking, *inter alia* that the court grant him summary judgment on his counterclaim for tortious interference with contract, fraudulent inducement and debtor's willful and malicious damage to his business reputation. Debtors did not file a motion for summary judgment, did not file a memorandum response, and did not controvert any of creditor's statements of fact or conclusions of law.

3. On October 27, 1983, the state court heard oral arguments on creditor's motion for summary judgement on the grounds of tortious interference and fraudulent inducement, and took this motion under advisement.

4. On February 15, 1984, Judge Howard announced in open court that she would sustain creditor's motion for summary judgment and directed creditor's attorney to prepare a journal entry. On February 22, 1984, a journal entry was signed by the court and filed with the clerk of the court.

5. In the interim, on February 17, 1984, debtors filed their bankruptcy petition in this court. Debtors were later discharged of their debts, with the exception of the above disputes, on July 19, 1984.

6. The state court decision was never appealed by either party.

## ISSUES INVOLVED

I. WHETHER THE STATE COURT ACTION OF FEBRUARY 15, 1984, VIOLATES THE AUTOMATIC STAY PROVISIONS OF 11 U.S.C. § 362.

II. WHETHER THE DEBT CITED HEREIN IS EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(6).

## CONCLUSIONS OF LAW

### I.

Under the automatic stay provisions of 11 U.S.C. § 362, certain acts and proceedings against the debtor and his property are stayed. However, the bankruptcy court is without jurisdiction to either enjoin a state court's action or void its judgment as a violation of the automatic stay. It is provided in 28 U.S.C. § 1481 as follows:

"**§ 1481. Powers of bankruptcy court**

A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but *may not enjoin another court* or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment." (emphasis supplied)

*In re Stuart Motel, Inc.,* 15 B.R. 28, 30 (Bankr.S.D.Fla.1981), the Court stated:

"The only power of this court in that regard would be such power as is stated in or inferred from 11 U.S.C. § 105(a) which provides that this court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of Title 11. This power is, of course, subject to the limitations set forth in 28 U.S.C. § 1481 which states that a bankruptcy court may not enjoin another court."

Also on point with this issue is the case of *In re Willard, Jr.,* 15 B.R. 898, 900 (9th Cir.1981). There, a state court divorce judgment awarding title to the family residency was filed eight days after the debtor had filed for relief under Chapter 7. The Ninth Circuit bankruptcy appellate panel held that the judgment was not rendered void by the automatic stay, but was valid between the parties from the date of filing:

"We now turn to the issue of whether the judgment is void by reason of the automatic stay of 11 U.S.C. § 362. The automatic stay of § 362 operates as a stay of virtually all actions brought against the debtor. Section 362(a) provides that the stay is applicable to all 'entities.' The term 'entity' is defined in 11 U.S.C. § 101(14) as including persons, trusts and governmental units. Although this definition is not exclusive, there is no indication that the automatic stay would act to stay the entry of judgment by a court. This conclusion is consistent with 28 U.S.C. § 1481, which states in pertinent part: '(a) bankruptcy court shall have the powers of a court of equity, law and admiralty, **but may not enjoin another court.**' (Emphasis added) [Underline emphasis added by this Court.]

Thus, while a bankruptcy court might find a party in contempt for commencing or continuing an action, the court would not have the jurisdiction to void a judgment where the judgment results solely from a court entering a judgment and the judgment is challenged on automatic stay grounds." (Underline emphasis added by this Court.)

In the instant case, Judge Howard announced her decision from the bench on February 15, 1984. The debtor/defendants filed their petition in this Court on February 17, 1984. The state court approved the journal entry and filed it on February 22, 1984, five days after the debtors filed for bankruptcy relief.

 This Court finds that although a bankruptcy court may find a party in contempt for continuing an action in violation of the automatic stay, it does not have jurisdiction to stay an entry of judgment by a state court. *In re Willard, supra.* Once filed, the state court judgment became effective and valid under Kansas law and could not thereafter be rendered void.

## II.

 Creditor seeks a determination of dischargeability under 11 U.S.C. § 523(a)(6) which excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."

This Court, in *In re Talcott,* 29 B.R. 874 (Bankr.Kan.1983) has defined two requirements for the application of this exception to discharge:

"Willful simply means deliberate or intentional. Malicious means wrongful, excessive, or without just cause; and malice will be found even in the absence of personal hatred, spite or illwill. *Id.* at 879.

In the instant proceeding, the willful and malicious act was the tortious interference with contract, and the signing of a false affidavit.

The ultimate question of dischargeability must be determined by this Court. *Brown v. Felsen,* 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). In addition, this Court has held that when detailed findings of fact and conclusions of law are present in another court's judgment, those facts will be accepted by this Court in a determination of dischargeability. *In re Davis,* 18 B.R. 301 (Bankr.Kan.1982).

This Court therefore finds that the state court's factual findings satisfy the willful and malicious elements of a § 523(a)(6) exception to discharge. In accordance with the foregoing, the Court finds the debtors' conduct constitutes a willful and malicious injury to creditor. Knowing that several disputes existed which would have precluded mechanic's lien title insurance on the property, debtors willfully and wrongfully executed a false affidavit affirming that there were no outstanding bills which could give rise to mechanic's liens on the property.

IT IS THEREFORE, BY THE COURT, ORDERED That debtors' obligation to creditor is nondischargeable.

IT IS FURTHER, BY THE COURT, ORDERED That a separate trial is necessary as to the issue of creditor's damages and right to punitive damages.

IT IS FURTHER, BY THE COURT, ORDERED That the Clerk of the Court is directed to set this matter for pre-trial, restricted solely to the question of damages.