In re John H. TAYLOR (S.S. # 076–24–2459), Marian C. Taylor (S.S. # 432–78–2939), Debtors.

Bankruptcy No. 83–00704.

United States Bankruptcy Court, M.D. Louisiana.

March 28, 1986.

Sakeena M. Adams, Baton Rouge, La., for debtors.

Jack Patrick Harris, Baton Rouge, La., Trustee.

Clifton Speed, Greensburg, La., for St. Helena Acceptance Corp.

## CERTIFICATION OF THE POSSIBLE OCCURRENCE OF AN ACT OF CONTEMPT

WESLEY W. STEEN, Bankruptcy Judge.

### I. Certification of Act

The Debtor filed a Rule to Show Cause why St. Helena Acceptance Corporation (the "Creditor") should not be held in contempt of court. The Rule alleges that subsequent to the Debtors' discharge, the Creditor persuaded the Debtor to execute a promissory note that obligated the Debtor to repay a discharged debt.

11 U.S.C. § 524 provides that a discharge in a bankruptcy case "operates as an injunction against ... any act to collect ... [any discharged debts] as a personal liability of the debtor." If the Debtor's allegations are true, then the Creditor's action constituted a violation of the statutory injunction. Prior to the Bankruptcy Code, sanctions for such conduct constituted a contempt of court because the actions constituted violations of provisions of the court order of discharge required by § 14(f) of the Bankruptcy Act.[1]

### II. Doubt About Contempt Sanctions Imposed by Bankruptcy Judges

Doubt has arisen about the authority of bankruptcy judges to impose contempt sanctions because the jurisdictional scheme of the Bankruptcy Amendments and Federal Judgeship Act of 1984 ("BAFJA") continues bankruptcy judges as non-Article III judges. 28 U.S.C. § 1481 in the Bankruptcy Reform Act allowed bankruptcy judges limited contempt power; that part of the statute has apparently been repealed.[2] Thus, there appears to be no statutory contempt power for bankruptcy judges. Bankruptcy Judge Goetz has concluded that there is inherent authority in court

---

1. The injunction is now statutory rather than being imposed by a court order (*see* § 524 of the Bankruptcy Code), but courts have continued to treat a violation of this statutory injunction as a contempt of court. *Collier on Bankruptcy*, 15th Ed., ¶ 524.01[1]. At least one court concludes that violation of the statutory stay is also a direct contempt of court because such conduct harms "... not only the Debtor, but the effec-

tiveness of the bankruptcy court itself in fulfilling the role Congress designed for it." *In re Stonegate Security Services, Ltd.*, 56 B.R. 1014 (D., N.D.Ill., 1986).

2. *In re O'Bannon*, 49 B.R. 763 (Bkrtcy., M.D.La., 1985), at footnote 9.

officers to exercise limited civil contempt powers. A significant number of cases hold, however, that bankruptcy judges may not impose contempt sanctions.[3]

Proposed Bankruptcy Rule 9020 would formalize a denial of contempt power to bankruptcy judges by amending the rule to delete civil contempt power and to provide as follows:

> "(b) CERTIFICATION TO DISTRICT COURT. If it appears to a bankruptcy judge that contempt has occurred, the judge may certify the facts to the district court."

The comments to the proposed rules amplify the concepts behind this change. Those comments are as follows:

### "COMMITTEE NOTE

"The United States Bankruptcy Courts, as constituted under the Bankruptcy Reform Act of 1978, were courts of law, equity and admiralty with an inherent contempt power, but former 28 U.S.C. § 1481 restricted the criminal contempt power of bankruptcy judges. Rule 9020 governed the procedure in criminal contempt matters. Bankruptcy judges are judicial officers of the district court, 28 U.S.C. § 151 and § 152(a)(1), and there is no statutory authority for them to exercise the contempt power.

"The rule has been amended to provide a procedure for initiating contempt proceedings in district court. The rule applies to civil and criminal contempt proceedings. Bankruptcy judges may, however, impose sanctions other than contempt, as provided by Rule 7007, 7016, 7037, and 9011 and grant relief as provided in § 363(h) of the Code."

### III. Consequences of Bankruptcy Judge's Lack of Contempt Power

A rule that bankruptcy judges do not have civil contempt power has potentially substantial consequences. For example, sanctions for violation of the § 362 automatic stay or the § 524 post-discharge stay have traditionally been handled as sanctions for contempt of court.[4] If bankruptcy judges lack contempt power, and if these transgressions continue to be handled as contempts of court, substantial numbers of proceedings will necessarily be heard by district judges in order to carry out the mandates of title 11.

The drafters of the Proposed Bankruptcy Rules assume that bankruptcy judges have the authority to adjudicate damages for violation of a statutory prohibition; they specifically cite § 362(h) of the Code. That section provides that an individual injured by any willful violation of the § 362 stay may recover actual damages and, in appropriate circumstances, punitive damages. Unfortunately, the proposed rule will not cover typical fact patterns that arise frequently. First, there may be a violation of the § 362 stay that was not willful in the sense that there was a conscious violation of the stay, but nevertheless involved an intentional act that resulted in damages and potentially may have resulted in enrichment to the violator of that section. Second, § 362(h) apparently does not deal with any situation in which the injured party is a corporation, partnership, or other entity; although the injured party is usually the debtor, violation of the stay could damage a creditor that is not an individual (*e.g.*, a bank mortgagee, *etc.*). Third, obviously § 362(h) has no applicability to the current circumstances in which the stay that was violated was § 524 and not § 362. More significant, the authority for bankruptcy judges to adjudicate damages, as

---

**3.** *In re Wallace,* 46 B.R. 802 (Bkrtcy., W.D.Mo., 1984); *In re Omega Equipment Corp.,* 51 B.R. 569 (D.D.C., 1985); *In re Richardson,* 52 B.R. 527 (Bkrtcy., W.D.Mo., 1985); *In re Industrial Tool Distributor, Inc.,* 13 BCD 1279, 55 B.R. 746 (N.D.Ga., 1985). *See also In re Cox Cotton Co.,* 24 B.R. 930 (E.D., Ark., 1982); *In re Crabtree,* 47 B.R. 150 (Bkrtcy., E.D.Tenn., 1985).

The issue was presented and fully addressed before one circuit court of appeals, but the Court concluded that it was not required to decide the issue: *In re Magwood,* 785 F.2d 1077 (D.C.Cir., 1986).

**4.** Footnote 1, *supra.*

cited by the committee, do not deal with any number of substantial issues that frequently arise; examples of that type of problem are set out in section 41(a) of the Bankruptcy Act (set out in full in the margin in footnote 6.)

## IV. Alternative Determinations

There is general precedent for authorizing civil contempt power to non-Article III judges.[5]

5. *See, e.g., Francis v. People of the Virgin Islands,* 11 F.2d 860 (3rd Cir., 1927); *Fleming v. U.S.,* 279 F. 613 (9th Cir., 1922); *U.S. v. Talbot,* 133 F.Supp. 120 (D.Alaska 1955).

6. *Bankruptcy Act of 1898:*
"**SECTION FORTY-ONE (11 U.S.C. § 69)**
"**§ 41. Contempts Before Referees.** a. A person shall not, in proceedings before a referee, (1) disobey or resist any lawful order, process, or writ; (2) misbehave during a hearing or so near the place thereof as to obstruct the same; (3) neglect to produce, after having been ordered to do so, any pertinent document; or (4) refuse to appear after having been subpenaed, or upon appearing, refuse to take the oath as a witness, or having taken the oath, refuse to be examined according to law: *Provided,* That a person other than a bankrupt, or, where the bankrupt is a corporation, its officers, or the members of its board of directors or trustees or of other similar controlling bodies, shall not be required to attend as a witness before a referee at a place more than one hundred miles from such person's place of residence or unless his lawful mileage and fee for one day's attendance shall be first paid or tendered to him.
"b. The referee shall forthwith certify the facts to the judge, if any person shall do any of the things forbidden in this section, and he may serve or cause to be served upon such person an order requiring such person to appear before the judge upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. The judge shall thereupon, in a summary manner, hear the evidence as to the acts complained of and, if it is such as to warrant him in so doing, punish such person in the same manner and to the same extent as for a contempt committed before him, or commit such person upon the same conditions as if the doing of the forbidden act had occurred with reference to the process of the court of bankruptcy or in the presence of the judge."
*1973 Rule 920:*
"**Contempt Proceedings**
"**(a) Contempt Committed in Proceedings Before Referee.**
"*(1) Summary Disposition by Referee.* Misbehavior prohibited by section 69(a)(2) of this

There is specific precedent for authorizing non-Article III adjudicators to exercise civil contempt power in the bankruptcy context; bankruptcy referees had limited civil contempt power under the 1898 Act and under the 1973 Rules. A bankruptcy referee/judge could impose a fine of $250 or less for civil or criminal contempt but could not imprison.[6] In 1978 Congress apparently thought that non-Article III status did

title may be punished summarily by the referee as contempt if he saw or heard the conduct constituting the contempt and it was committed in his actual presence. The order of contempt shall recite the facts and shall be signed by the referee and entered of record.
"*(2) Disposition by Referee upon Notice and Hearing.* Any other conduct prohibited by section 69(a) of this title may be punished by the referee only after hearing on notice. The notice shall be in writing and shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense, and shall state the essential facts constituting the contempt charged and whether the contempt is criminal or civil or both. The notice may be given on the referee's own initiative or on motion by a party, by the United States attorney, or by an attorney appointed by the referee for that purpose. If the contempt charged involves disrespect to or criticism of the referee, he is disqualified from presiding at the hearing except with the consent of the person charged.
"*(3) Limits on Punishment by Referee.* A referee shall not order imprisonment nor impose a fine of more than $250 as punishment for any contempt, civil or criminal.
"*(4) Certification to District Judge.* If it appears to a referee that conduct prohibited by section 69(a) of this title may warrant punishment by imprisonment or by a fine of more than $250, he may certify the facts to the district judge. On such certification the judge shall proceed as for a contempt not committed in his presence.
"**(b) Contempt Committed in Proceedings Before District Judge.** Any contempt committed in proceedings before a district judge while acting as a bankruptcy judge shall be prosecuted as any other contempt of the district court.
"**(c) Right to Jury Trial.** Nothing in this rule shall be construed to impair the right to jury trial whenever it otherwise exists."
Judge Goetz concludes that the Supreme Court did not inadvertently grant this power to bankruptcy referees, but rather did so over the strenuous objection of Justice Douglas: *In the Matter of Kalpana Electronics, Inc.,* 58 B.R. 326 (Bkrtcy., E.D.N.Y., 1986).

not preclude the exercise of civil contempt powers since it provided for such powers in the Bankruptcy Reform Act.[7] In 1982 the District Courts of the United States apparently thought that there was no prohibition on the exercise of limited contempt power by non-Article III judges; the post-*Marathon* "Emergency Rule" adopted in this district and in virtually all other districts of the United States tracks the language of § 1481, at least implying that *Marathon* had not declared that portion of the statute unconstitutional.[8] Finally, there are post-*Marathon* cases that have upheld or assumed the right of bankruptcy courts to issue civil contempt sanctions.[9]

With this authority that recognizes the exercise of civil contempt powers by non-Article III judges, the current decisions rejecting such authority are puzzling. More important, the consequences of such decisions on the workload of the U.S. District Court and the litigation delays necessarily involved mean that the result will be more serious than merely puzzling. Such a result seems unnecessary in light of the longstanding recognition of civil contempt power in non-Article III judges.[10]

## V. Reason for This Certification

Because there is such substantial doubt about the contempt authority of bankruptcy judges, because the instant proceeding was framed as a contempt proceeding by the movant, and because there appears insufficient statutory authority to imply a statutory claim on which relief can be granted, the undersigned bankruptcy judge follows the lead of the Honorable Clive Bare:

"In view of the current lack of statutory clarity respecting the contempt pow-

---

**7.** 28 U.S.C. § 1481 as contained in the Bankruptcy Reform Act provided as follows:

"**§ 1481. Powers of bankruptcy court.**
"A bankruptcy court shall have the powers of a court of equity, law, and admiralty, but may not enjoin another court or punish a criminal contempt not committed in the presence of the judge of the court or warranting a punishment of imprisonment."

**8.** The applicable portion of the Emergency Rule provided as follows:

"(d) Powers of Bankruptcy Judges
(1) The bankruptcy judges may perform in referred bankruptcy cases and proceedings all acts and duties necessary for the handling of those cases and proceedings except that the bankruptcy judges may not conduct:
(A) a proceeding to enjoin a court;
(B) a proceeding to punish a criminal contempt–
(i) not committed in the bankruptcy judge's actual presence; or
(ii) warranting a punishment of imprisonment;"
This at least implies that bankruptcy judges *could* conduct civil contempt proceedings and could even conduct criminal contempt proceedings for offenses committed in the bankruptcy judge's presence.

**9.** *In re Mack*, 46 B.R. 652 (Bkrtcy., E.D.Penn., 1985); *Better Homes of Virginia, Inc. v. Budget Service Company, et al,* 52 B.R. 426 (E.D. Va., 1985); *In re Depew,* 51 B.R. 1010 (Bkrtcy., E.D.Tenn., 1985). *In re Northeastern International Airways, Inc.,* 56 B.R. 247 (S.D.Fla., 1986); *In re Promower, Inc.,* 56 B.R. 619 (Bkrtcy.,

D.Md., 1986); *In the Matter of Evans Temple Church of God in Christ and Community Center, Inc.,* 55 B.R. 976 (Bkrtcy., Ohio, 1986); *In the Matter of Marler,* 58 B.R. 481, (Bkrtcy., D.Kan., 1986); *In re Draggoo Electric Company, Inc.,* 57 B.R. 916 (Bkrtcy., N.D.Ind., 1986); *In re Savory,* 57 B.R. 298 (Bkrtcy., M.D.Fla., 1986); *In re Parham,* 56 B.R. 531 (Bkrtcy., E.D.Va., 1986). *But cf. In re Silver,* 46 B.R. 772 (D.Colo., 1985); *In re Jacobson,* 47 B.R. 476 (Bkrtcy., D.Colo., 1985); *In re Plunkett,* 47 B.R. 172 (Bkrtcy., D.Wis., 1985); *In re Etch-Art,* 48 B.R. 143 (Bkrtcy., D.R.I., 1985).

**10.** An alternative to recognizing that bankruptcy judges have inherent civil contempt authority would be to imply a cause of action in tort from the various statutory injunctions in the Bankruptcy Code; bankruptcy judges could then hear and (perhaps) determine adversary proceedings asserting such causes of action. Such creative jurisprudence, however, is a substantial expansion of the statute, particularly in view of specific statutory authority in § 362(h) and the corresponding lack of such specific statutory authority for like transgressions. It is an expansion that this Court is unwilling to undertake without statutory support. In addition to this Court's reluctance to imply causes of action where Congress has not expressly created them, a strong argument can be made that the committee note to proposed revised Bankruptcy Rule 9020 implies that bankruptcy judges do not have the authority to impose damages for actions that traditionally have constituted contempt of court unless those actions are specifically proscribed by statute; the specific reference to § 362(h) would support that argument.

er of the Bankruptcy Judge, this court therefore certifies the above facts to the United States District Court ... for appropriate action." [11]

---

**11.** *In re Crabtree,* 47 B.R. 150, 155, (Bkrtcy., E.D.Tenn., 1985). *See also In the Matter of* *Kalpana Electronics, Inc.,* 58 B.R. 326 (Bkrtcy., E.D.N.Y., 1986).