In re GEORGE SCHUMANN TIRE & BATTERY COMPANY, Debtor.

Bankruptcy No. 83–0202–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 10, 1989.

Ronald Bergwerk, Jacksonville, Fla., for trustee.

Albert H. Mickler, Jacksonville, Fla., for debtor.

ORDER ON MOTION TO IMPOSE SANCTIONS AND ASSESS FURTHER INTEREST AND AMENDED MOTION TO IMPOSE SANCTIONS AND ASSESS FURTHER INTEREST

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is the next round, unfortunately not the last, in this seemingly endless dog fight between counsel for the Debtor and the Trustee and his attorney. The immediate Motion is a "Motion for Award of Attorney Fees" (sic) and a Motion for award of interest and sanctions. These Motions are filed by Albert H. Mickler, counsel of record for George Schumann Tire & Battery Company (Debtor), and seek an order directing the Trustee's attorney to reimburse the Debtor for the attorney fees and costs incurred by the Debtor in connection with an appeal filed by the Trustee and the Trustee's attorney. The order involved in the appeal related to an order entered by this Court which determined the reasonable attorney fees which were to be paid to Mr. Ronald Bergwerk for his services rendered to the estate. It appears that the appeal was considered in due course by the District Court which entered an order affirming this Court's determination of the amount found to be reasonable as compensation for the services rendered by Mr. Bergwerk.

Originally, counsel for the Debtor filed a Motion and an Amended Motion to Impose Sanctions and to Assess Further Interest. The Motion was set for hearing in due course before the undersigned. At the hearing the Court announced that the Motion of the Debtor for sanctions would be denied without prejudice to the Debtor to file a lawsuit seeking a surcharge against the Trustee. This Court also indicated that the Trustee should tender payment to the Debtor of whatever funds were held by the Trustee. Although counsel for the Debtor was directed to submit the order, it appears that he failed to do so.

On July 21, 1989, the Debtor again filed a Motion for Award of Attorney Fees and Motion for Award of Interest and Sanctions. These are the two Motions which were heard by the Court and which are the matters under consideration. It should also be noted that currently there is an appeal pending in the Eleventh Circuit Court of Appeals filed by the Mr. Bergwerk, attorney for the trustee. The appeal involves the order of the District Court which affirmed this Court's Order which related not only to the determination of reasonable attorney fees but also an Order entered on July 25, 1988, an Order on Motion for Refund entered September 8, 1988 and an Order on Cross Motion for Rehearing entered on the same date, September 8, 1988.

MOTION FOR AWARD OF ATTORNEY FEES

The Motion seeks an award of attorney fees based on the allegation that the appeal prosecuted by counsel for the Trustee and on behalf of the Trustee was frivolous and, therefore, it is appropriate to award attorney fees and costs to the Debtor. The award of attorney fees for frivolous appeals is governed by Rule 38, Federal Rules of Appellate Procedure. While FRAP rules are designed to govern the appellate practice for appeals from the District Court to the Court of Appeals, there is no sound reason why it should not be equally applied from appeals from the order entered by this Court to the District Court. After all, the District Court is the

only tribunal which would be in a position to determine whether or not the appeal was frivolous or not and not the trial court. The power of the Bankruptcy Judge to impose sanctions on the basis that an appeal was frivolous was considered by the Ninth Circuit in the case of *In re Akros Installations, Inc.*, 834 F.2d 1526 (9th Cir. 1987). In *Akros*, the Bankruptcy Court imposed $500 sanctions upon a law firm for filing a Motion for protective order which was not justified. The law firm appealed and the District Court affirmed the Bankruptcy Court and imposed a Rule 11 Sanction for appealing the Bankruptcy Court order. The law firm appealed again and the Court of Appeals, speaking through Judge Tang, held that Rule 11 sanctions were inappropriate on appeal from the Bankruptcy Court order. The ruling was based on the finding that FRCP 11 is expressly inapplicable to "proceedings in bankruptcy except in so far as they might be made applicable thereto by the Bankruptcy Rules". Fed.R.Civ.P. 81(a)(1).

Appeals to the District Court in bankruptcy cases are governed by Part VIII of the Bankruptcy Rules. These Rules do not contain any version of either Rule 11 and Bankruptcy Rule 9011. While Rule 9011 basically tracks the language of Rule 11, it is clear that the term "court" as used in Bankruptcy Rule 9011 refers to a bankruptcy court and not to a district court. See also, Bankruptcy Rule 9001(2).

■ Based on the foregoing, this Court is satisfied that Bankruptcy Rule 9011 governs only the initial proceeding in a bankruptcy court and not appeals pending in the district court. This Court is not oblivious of the case of *In re Jacobson*, 47 B.R. 476 (D.C.1985) decided by the bankruptcy court for the District of Colorado where the bankruptcy court used Fed.R.Civ.P. 11 as a basis for imposition of sanctions in connection with an appeal. It appears clearly from the decision, however, that the bankruptcy court failed to make a distinction between Fed.R.Civ.P. 11 and Bankruptcy Rule 9011 and since the Motion to impose sanctions was sought under both Rules, the imposition of sanctions might have been proper. It should be pointed out, however, that it was not imposition of sanctions for a frivolous appeal.

The second part of the Motion seeks an award of interest and sanctions. The Motion presents a factual picture which is somewhat confusing and not as easily susceptible for resolution as the previous Motion. During the pendency of this case, on August 4, 1986, Judge Proctor of this Court ordered the Trustee to refund to the Debtor the sum of $275,088.98 which represented the sums which remained after payment of all costs of administration and all allowed claims. The Debtor failed to take further actions to enforce that order which was not appealed by the trustee. On September 9, 1988, the Trustee tendered to Debtor's counsel "what he had", which was the sum of $299,749.22, but the Debtor refused the tender claiming that the tender was short by $45,882.70. The record reveals that this Court also entered an Order and directed the trustee to turnover to the Debtor the sum of $340,205.92. No appeal was taken from this order but just like the previous one, was not complied with by the Trustee, on the basis that he no longer has such sums in his trust account. It is without dispute that the Trustee does not have sufficient funds to pay any interest on the original award even if same would be granted.

It appears that counsel for the Debtor also informed counsel for the Trustee that he is asserting a charging lien on the funds and the same should not be paid over to the Debtor. The difficulty concerning this Motion stems from the fact that theoretically the Debtor would be entitled to interest from July 25, 1988 at least until the tender of the sum of $299,749.22, on September 8, 1988 but since the Trustee is unable to comply, the request for interest should not be granted, provided however, that this conclusion is without prejudice to the Debtor who may seek to recover the interest from the Trustee as part of the Debtor's attempt to surcharge the Trustee for damages resulting from the alleged negligence of the Trustee in performing his duties, if so deemed to be advised.

The sanctions sought against the Trustee in the form of a penalty at the rate of $500 per day for each and every day the Trustee continued to disobey the Court's Order entered September 13, 1988, is equally fraught with difficulty even if the applicable law would permit imposition of such sanctions. This is so because, as noted earlier, the Trustee does not have the funds to respond. This leads to the last question which is what is the appropriate procedure to surcharge the trustee for alleged negligence in performing his duties as trustee.

Under the Bankruptcy Act of 1898, Section 50(n), a party injured by the breach of any obligation secured by a bond of the trustee was permitted to obtain a summary determination of the breach and the resulting damages, if any. The Section also provided appropriate process to enforce the collection of the award from those who were liable on the bond. The first version of the Bankruptcy Rules which became effective October 1, 1973, Rule 925, provided that any action to recover on a bond of the trustee is an adversary proceeding and the surety on the bond or undertaking deemed to have submitted himself to the jurisdiction of the Court and the liability if found to exist may be enforced pursuant to Part VII of the Rules. Inasmuch as the Bankruptcy Reform Act of 1978, Pub.Law. 95–598, abolished all distinctions between plenary and summary jurisdiction, the Bankruptcy Code does not contain a similar provision for obvious reasons. Notwithstanding, it is clear that a proceeding to recover money is governed by Part VII of the Rules and the fact that the monies sought to be recovered were for damages and from the trustee is of no consequence. Moreover, Bankruptcy Rule 9025 basically readopts the old Rule 925 and provides that any action on the bond of a trustee must be determined in an adversary proceeding governed by Part VII of the Rules. Thus, this Court is satisfied that the imposition of sanctions on the trustee for the trustee's failure to pay the funds over to the Debtor as ordered is not presented for consideration in proper procedural posture and according the Motion must be denied, according to Rule 9025, albeit without prejudice.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions and Assess Further Interest be, and the same is hereby, denied without prejudice with leave granted to the Debtor to proceed against the trustee in an adversary proceeding and/or his obligor on the bond by filing a complaint either in this Court or a Court of competent jurisdiction.

DONE AND ORDERED.